1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9              **DISTRICT OF NEVADA**
10
11   NASRIN BEHROOZI,                          )     Case No. 2:11-cv-00579-JCM-NJK
                                               )
                        Plaintiff(s),          )     ORDER DENYING MOTION FOR
12                                             )     SEVERANCE AND FOR SEPARATE
     vs.                                       )     TRIALS
13                                             )     (Docket No. 119)
     NEW ALBERTSONS, INCORPORATED, et al.,     )
14                                             )
                        Defendant(s).          )
15   _____)

16          Pending before the Court is Plaintiff's motion for severance and separate trial.  Docket No. 119.

17   Defendant filed a response in opposition and Plaintiff filed a reply.  Docket Nos. 126, 129.  The Court

18   finds the motion properly decided without oral argument.  *See* Local Rule 78-2.  For the reasons

19   discussed more fully below, the Court hereby **DENIES** the motion without prejudice.

20          The pending motion seeks severance and a separate trial of the third-party claims.  Although not

21   cited by the parties, Rule 14 governs third-party practice.[1]  "Any party may move to strike the third-party

22   claim, to sever it, or to try it separately."  Rule 14(a)(4).  Courts have broad discretion in deciding

23   whether to sever claims and order separate trials pursuant to Rule 14(a)(4).  *See Monje v. Spin Master*

24   *Inc.*, 2013 U.S. Dist. Lexis 173429, *13 (D. Ariz. Dec. 10, 2013).   The committee notes provide that,

25   "[a]fter the third-party defendant is brought in, the court has discretion to . . . sever the third-party claim

26   or accord it separate trial if confusion or prejudice would otherwise result."  *See* Rule 14 Committee

27
28
     _____
            [1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

1
2
3
4
5

Notes (1964).[2]  In light of that guidance, courts have severed third-party claims and ordered separate trials pursuant to Rule 14(a)(4) when, *inter alia*, not doing so would significantly delay resolution of the underlying claims and there is a risk of jury confusion.  *See U.S. Ethernet Innovations, LLC v. Acer, Inc.*, 2013 WL 6671774, *3 (N.D. Cal. Dec. 18, 2013).[3]  As noted above, the parties failed to address Rule 14, let alone provide authority regarding the relevant standards and application of those standards.

6
7
8
9
10
11
12
13
14
15
16

   Complicating Plaintiff's motion further, United States District Judge James C. Mahan recently ruled that "adding these third-party defendants will advance the interest of judicial economy, as the court will be able to resolve all disputes revolving around plaintiff's claims in a single action."  Docket No. 116 at 2-3.  This presents several issues with respect to Plaintiff's pending motion.  First, it appears that many of the considerations in a Rule 14(a)(4) motion overlap with the considerations at issue in deciding whether to allow the third-party claims to be brought in this case in the first place.[4]  As such, it is not clear whether the relief Plaintiff seeks is actually reconsideration of Judge Mahan's order.  Second, at the very least, it appears that issues regarding difficulties at trial and/or judicial economy in adjudicating the third-party claims in this case may have already been implicitly found insufficient to proceed separately with the third-party claims by Judge Mahan.  The parties have failed to sufficiently address the impact of Judge Mahan's order on the pending motion.

17
18

   In short, the pending motion and subsequent briefing fails to sufficiently address the issues before the Court to enable a ruling.  Accordingly, the motion is hereby **DENIED** without prejudice.  To the

19

20
21
22

[2] There may be some overlap in the analysis of motions brought under Rule 14(a)(4) and motions brought under other rules, such as Rule 21 and Rule 42(b).  Since the parties failed to address Rule 14(a)(4) at all, however, the Court expresses no definitive opinion as to the standards that should be applied to the pending motion.

23
24
25
26

[3] The Court notes that authority from this Circuit is almost entirely absent from the parties' briefing.  Moreover, the only case cited from this Circuit is inapposite because it deals with the Federal Rules of <u>Criminal</u> Procedure.  *See* Docket No. 119 at 8 (citing *United States v. Testa*, 548 F.2d 847, 856 (9th Cir. 1977)).  While the Court may rely on out-of-circuit authority for its persuasive value, the undersigned finds it most often helpful when parties focus their attention on authority from within this Circuit to the extent it exists.

27
28

[4] It is also not clear why Plaintiff chose not to oppose the motion to amend to add the third-party claims, *see* Docket No. 116 at 3, and instead raises its arguments now through the pending motion.

2

extent Plaintiff wishes, she may file a renewed motion.  Any such renewed motion shall specifically address: (1) whether Rule 14(a)(4) governs the Court's analysis and, if so, the relevant standards for that analysis; (2) whether the relief sought is precluded entirely by Judge Mahan's order at Docket No. 116 or, alternatively, whether Judge Mahan's order already resolves some relevant aspects of the pending motion; and (3) case law discussing analogous circumstances, preferably from within this Circuit (or an assertion that none could be located by counsel).  To the extent a renewed motion is filed and Defendant opposes it on the basis of, *inter alia*, prejudice to Defendant, the opposition brief should better articulate the prejudice to Defendant that it is claiming.

**IT IS SO ORDERED.**

DATED: July 28, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge