1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NASRIN BEHROOZI, | Case No. 2:11-cv-00579-JCM-NJK |
| Plaintiff, | ORDER |
| v. | |
| NEW ALBERTSONS, INC., | |
| Defendant. | |

14    Presently before the court is third-party defendant NOVA Engineering and Environmental,

15  Inc.'s (hereinafter "NOVA") motion to dismiss.  (Doc. # 144).  Defendant New Albertson's, Inc.

16  (hereinafter "defendant") filed a response, (doc. # 162), and NOVA filed a reply, (doc. # 167).

17    Also before the court is third-party defendant Collet Electric, Inc.'s (hereinafter "Collet")

18  motion to dismiss, or alternatively, for a more definite statement.  (Doc. # 149).  Albertson's filed

19  a response, (doc. # 161), and Collet filed a reply, (doc. # 164).

20  **I.    Background**

21    This action arose when Nasrin Behroozi (hereinafter "plaintiff") tripped and fell over a

22  raised portion of concrete in an Albertson's grocery store.  On April 15, 2011, the case was

23  removed to this court and five additional months of formal discovery commenced.  On October 6,

24  2011, defendant filed a third-party complaint naming only Phaze Concrete.

25    On February 14, 2014, this court reopened discovery to allow defendant to retain a new

26  expert witness after a conflict arose.  On May 7, 2014, defendant filed a first amended third-party

27  complaint naming numerous other third-party defendants, including Collet and NOVA

28  Engineering and Environmental, Inc., formerly known as, Owens Geotechnical, Inc., a foreign

1

corporation (hereinafter "Owens").  However, defendant served NOVA, not Owens.  Discovery has been lengthy and defendant was afforded sufficient time to both serve the correct parties and form adequate allegations.

The first amended third-party complaint alleges that NOVA was subcontracted by defendant to provide site soils reports and perform conformance testing and observation of the site grading during construction.  (Doc. # 133).  It further alleges that Collet was subcontracted by defendant and was responsible for "underground work."  *Id.*  Collet and NOVA now move to dismiss the third-party complaints against them.

## II.     Legal Standard

### A.     *Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5)*

Federal Rule of Civil Procedure 4 sets out the requirements for summons and service of process. Fed. R. Civ. P. 4.  When a plaintiff does not comply with Rule 4, a defendant may move to dismiss the complaint under Rule 12(b)(4) and 12(b)(5).  *Id.*

Federal Rule of Civil Procedure 12(b)(4) permits a defendant to move to dismiss an action for insufficient process.  Fed. R. Civ. P. 12(b)(4).  Rule 4(a)(1) requires that a summons must state the court and the parties.  *Id.*  Further, it must be directed to the defendant.  *Id.*

Rule 12(b)(5) allows a defendant to move to dismiss based on insufficient service.  Fed. R. Civ. P. 12(b)(5).  This type of claim challenges the manner and method of service.  *Id.*  Without compliance with Rule 4, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.  *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

### B.     *Federal Rule of Civil Procedure 12(b)(6)*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

2

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Id.*

## III.   Discussion

### A.   *NOVA's motion to dismiss under Rules 12(b)(4) and 12(b)(5)*

NOVA is now seeking dismissal based on Rules 12(b)(4) and 12(b)(5). The summons stated that it was directed to "NOVA Engineering and Environmental, Inc., formerly known as,

Owens Geotechnical, Inc., a foreign corporation." (Doc. # 136). Further, the caption of the amended complaint lists "NOVA Engineering and Environmental, Inc., formerly known as, Owens Geotechnical, Inc., a foreign corporation doing business in Nevada." (Doc. # 133). However, defendant served NOVA Engineering and Environmental, Inc., a Georgia corporation.

NOVA alleges that process was insufficient because the summons did not state the correct party name and was directed to Owens, not NOVA. NOVA believes that defendant intended to sue Owens. Owens was the business subcontracted to perform a site soils report. However, this business entity is now dissolved.

NOVA is a Georgia corporation that has never done business in Nevada. Further, NOVA has never been known as or affiliated with Owens Geotechnical, Inc. Accordingly, NOVA could not have been the Owens Geotechnical, Inc. that was subcontracted by defendant.

For service on NOVA to be proper, defendant would have had to serve Corporation Service Company, NOVA's registered agent in Georgia, or an officer or agent of NOVA. Fed. R. Civ. P. 4. However, defendant served National Registered Agents, Inc. of Nevada (hereinafter "NRIA"). NRIA was not authorized to accept service on NOVA's behalf. Thus, defendant has failed to comply with the service requirement of Rule 4.

NOVA would be severely and actually prejudiced if it was forced to participate in litigation to which it is not a named defendant, not the entity designated on the summons, and not the company that was subcontracted by defendant and involved in the circumstances at issue. The court finds that defendant failed to comply with Rules 12(b)(4) and 12(b)(5). Accordingly, dismissal is appropriate.

NOVA makes a final argument discussing defendant's failure to comply with Nevada Revised Statute 11.256. *See* NRS 11.256 *et seq.* (Discussing the requirements for bringing a nonresidential construction action in Nevada). However, since the court finds that dismissal is proper, due to defendant's failure to comply with Rules 12(b)(4) and 12(b)(5), the court will not discuss the merits of this argument.

  *B.*   *Collet's motion to dismiss under Rule 12(b)(6)*

Collet is now seeking dismissal based on Rule 12(b)(6). The only factual allegation against

1    Collet is that Collet was responsible for "underground work" near the concrete work at issue.  (Doc.

2    # 133).  Defendant made specific allegations against the other third-party defendants regarding

3    their involvement with the alleged defect.  However, defendant has failed to make any allegations

4    regarding Collet's work, besides what type of work it was responsible for.

5          Even accepting the allegation as true, the mere fact that Collet was responsible for

6    "underground work" does not show that defendant is entitled to relief.  This allegation is far below

7    the pleading standard as it does not even plead "labels and conclusions" or a "formulaic recitation

8    of the elements of a cause of action," let alone go beyond that.  *Iqbal*, 556 U.S. 662, 678 (2009)

9    (citation omitted).

10         Defendant has failed to plead sufficient allegations of underlying facts to give fair notice

11   and to enable Collet to defend itself effectively.  Placing Collet in the vicinity of the allegedly

12   defective work is not enough to create a plausible claim for relief.  Taken at face value, the court

13   finds that defendant's allegation against Collet is insufficient to pass the pleading standard.

14   Accordingly, dismissal is appropriate.

15   Accordingly,

16         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that third-party defendant

17   NOVA Engineering and Environmental, Inc.'s motion to dismiss New Albertson's, Inc.'s second

18   amended third-party complaint, (doc. # 144) be, and the same hereby is, GRANTED.

19         IT IS FURTHER ORDERED that third-party defendant Collet Electric, Inc.'s motion to

20   dismiss, or alternatively, for a more definite statement, (doc. # 149), be, and the same hereby is,

21   GRANTED, in accordance with the foregoing.

22         Third-party defendants NOVA Engineering and Environmental, Inc. and Collet Electric,

23   Inc. are hereby DISMISSED without prejudice.

24         DATED THIS 22nd day of October 2014.

25

26   _____
     JAMES C. MAHAN
27   UNITED STATES DISTRICT JUDGE

28